GEORGE I. AMSDELL AND THEODORE M. AMSDELL, APPELLANTS, *v.* JAMES McCAFFREY, RESPONDENT.

*Notice of appeal from a justice's judgment — when the grounds thereof are not sufficiently stated.*

Upon an appeal from a judgment of a justice's court the notice of appeal stated as the grounds thereof, that it was " against law and evidence."
*Held,* that it was too vague and general to present any question for review.
*Held,* further, that it was too defective to give the appellate court jurisdiction, even for the purpose of allowing it to be amended.

APPEAL from an order of the County Court of Kings county, dismissing an appeal from a judgment of a justice's court, and from an order denying a motion for leave to amend the notice of appeal. The notice of appeal stated as the grounds thereof, " that the amount of the claim for which judgment was demanded by

the plaintiffs in their pleadings in this court exceeded fifty dollars, and a new trial is hereby demanded, according to the provisions of section 352 of the Code; that the judgment was against law and evidence. The appellants claim that the said judgment ought to have been in their favor for fifty-two dollars. with interest thereon from December 20th, 1876, with costs."

*George E. King,* for the appellants.

*Joseph Carson,* for the respondent.

DYKMAN, J.:

The statute providing for an appeal from courts of justices of the peace to the county courts requires the appellant to serve a notice of appeal, stating the grounds upon which the appeal is founded. (Code of Procedure, § 353.) If this requirement of the statute is to answer any good purpose, it is entirely obvious that it should be fully complied with, and that the grounds stated should be specific and explicit. To say in general terms that the judgment is against the testimony, and contrary to law, assigns no specific error, and states no ground for reversal. It is no more than saying the judgment is wrong, which is clearly insufficient. In this case the notice of appeal states that the. judgment was against law and evidence. This is too vague and general, and presents no point for review. Without noticing the other errors and irregularities, this is sufficient to justify the order of the County Court dismissing the appeal. There was a cross motion for leave to amend the notice of appeal; but such a motion could not be granted, for the reason that the original notice was entirely insufficient, and there was nothing to amend. The notice of appeal is the only thing giving jurisdiction to the appellate court, and that being so defective as not to accomplish its object, it cannot be amended.

The orders appealed from must be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Orders affirmed, with costs and disbursements.